UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSTIN VILLALOBOS FERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>Respondents. | No.  1:26-cv-01421-DAD-AC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 8) |

On February 18, 2026, petitioner Jostin Villalobos Fernandez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  Petitioner alleges that he arrived in the United States on or about November 12, 2019 at the age of 14, was encountered and apprehended by Customs and Border Protection inside the United States, was released into foster care on conditional parole, and on February 7, 2026, was re-detained without revoking conditional parole and without any warning, paperwork, or legitimate reason.  (*Id.* at 1–2.) Petitioner seeks immediate release, a hearing prior to any re-detention, an order that respondents may not re-detain petitioner while Section 240 proceedings are ongoing, and costs and reasonable attorneys' fees.  (*Id.* at 19.)  On April 3, 2026, petitioner filed a motion for preliminary injunction

1

which the court construed as a motion for temporary restraining order.  (Doc. Nos. 8, 9.)  On April 6, 2026, the court set a briefing schedule and directed respondents to substantively address whether any provision of law or fact in this case would distinguish it from the situations addressed in this court's decisions in *Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025) and *Singh v. Albarran*, No. 1:25-cv-01821-DAD-SCR, 2025 WL 3640678 (E.D. Cal. Dec. 16, 2025).  (Doc. No. 9.)

Also on April 6, 2026, respondents filed an opposition to petitioner's motion for temporary restraining order.  (Doc. No. 11.)  Therein, respondents argue that *Rocha Chavarria* is distinguishable from this case because in *Rocha Chavarria*, the government offered no explanation for petitioner's re-detention, whereas here respondents provided evidence that petitioner was detained due to a change in circumstances.  (*Id.* at 4.)  Respondents also state that they do not oppose resolving the merits of the underlying habeas petition based upon the briefing currently before the court.  (*Id.* at 1.)

Although respondents argue that there are changed circumstances here, respondents do not argue that petitioner was provided written notice of the reason for the revocation.  (Doc. No 11.) The court therefore concludes that petitioner is likely to succeed on the merits of his claim that his parole revocation violated due process because he did not receive written notice of the reason for revocation.  *See Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 114446 (D. Or. 2025) (describing the requisite procedures to revoke parole pursuant to 8 U.S.C. § 1182, including the providing of written notice of revocation to the petitioner); *see also Noori v. LaRose*, __F. Supp. 3d__, 2025 WL 2800149, at *11 (S.D. Cal. Oct. 1, 2025) ("Thus, Petitioner was entitled to due process in his parole revocation.  Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination.").

Pursuant to the court's reasoning as stated in *Rocha Chavarria*, the court will grant in part the petition for writ of habeas corpus.

For the reasons explained above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED in part as follows:

    a. Respondents are ORDERED to immediately release petitioner, Jostin Villalobos Fernandez, A#213531212, from respondents' custody on the same conditions he was subject to immediately prior to his February 7, 2026 re-detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

    c. Petitioner's request that this court enjoin re-detention during the pendency of Section 240 proceedings is DENIED;[1]

    d. Petitioner's request for attorney's fees is DENIED without prejudice to bringing a properly noticed and supported motion;

2. Petitioner's motion for a temporary restraining order (Doc. No. 8) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief;

3. The Clerk of the Court is directed to serve this order on the California City Corrections Center; and

/////

/////

/////

/////

/////

---

[1] Petitioner provides no authority supporting this requested relief and the court is aware of none. *See Bajaj v. Cruz, et al.*, No. 2:26-cv-01031-CAS-SP, 2026 WL 700543, at \*1 (C.D. Cal. Mar. 4, 2026) (implicitly rejecting the petitioner's request for an "order that Respondents may not re-detain Petitioner while his Section 240 removal proceedings are ongoing" by declining to order such relief).

4.    The Clerk of the Court is also directed ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **April 7, 2026**                              _____
                                                          DALE A. DROZD
                                                          UNITED STATES DISTRICT JUDGE